A. C. AVERY, Executor, v. J. R. PRITCHARD et al.

*Perfecting Appeal — Dismissal — Failure to Print — Call of the District — Motion.*

1. Where a case upon appeal was settled and filed in the Clerk's office on the first day of November, 1889, and the transcript on appeal docketed November 30th in the Supreme Court, the call of cases of the district being on December 2d, a motion for dismissal made by appellee for failure to print should be granted.

2. An appeal from a judgment rendered before the commencement of the term of this Court must be docketed at such term before the conclusion of the call of the district.

3. There is no requirement, as a prerequisite for perfecting appeals, that the term at which the judgment was rendered should end ten days before the commencement of the term of this Court. The head-note in *Gregory* v. *Hobbs*, which so indicates, is misleading.

4. The law favors promptness and diligence in sending up appeals, and, when docketed in time, appeals stand for argument even in cases tried below during the same term of the Supreme Court (Rule 5), though the rule allows the appeal to be taken to the next.

(AVERY, J., did not sit.)

This was a CIVIL ACTION, tried at September Term, 1889, of MITCHELL Superior Court, before *Philips, J.*

The facts of this case sufficiently appear in the opinion.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for plaintiff. *Mr. George V. Strong*, for defendants.

CLARK, J.: This cause was tried at September Term, 1889, of Mitchell Superior Court, which began 9th September, 1889, and adjourned on 21st September. The Fall Term of this Court began on the 30th of September, 1889. The "case on appeal" was settled by the Judge and filed in the office of the Clerk of the Superior Court, November 1. The transcript on appeal was docketed in this Court November 30, and the call of causes from the Tenth Judicial District, to which this case belonged, began on 2d December. This appeal was reached regularly in its order December 3, and was dismissed, on motion of appellee, for failure to have printed the parts of the record required by Rules of this Court, 28 and 29.

The necessity for this rule, and the authority of the Court to make it, have been often affirmed. The Court will not reiterate what has been so often said. The subject has been lately considered in *Horton* v. *Green*, 104 N. C., 400, to which we merely refer.

The case having been tried at a term of the Court held before the commencement of the Fall Term of this Court, the transcript on appeal was required to be docketed before the close of the call of causes from that district. If not docketed by that time, the appellee would have had the right to docket and dismiss. Rule 17 of this Court. The appellee not only had the right to require the transcript on appeal to be docketed in such time, under penalty of dismissal, but to have it in such plight, as to printing the record, that the Court, under the rules, could permit it to be argued when reached.

The appellant insists, however, that, as the term of Court at which the cause was tried expired within ten days before the beginning of the Fall Term of this Court, the appeal was not required to be docketed at said term, and relies upon *Gregory* v. *Hobbs*, 92 N. C., 39.

The requirement is explicit that an appeal from a judgment rendered before the commencement of a term of this Court must be docketed at such term before the conclusion of the call of the district to which it belongs. The case cited does not, as contended by appellant, alter this by permitting the appeal to be taken to the second term of the Supreme Court held after judgment rendered, when the first term of this Court begins within ten days after the trial. The head-note does so indicate, but it is misleading. It lays down an exception to a rule as the rule itself. That case was from the First District. The Court held that, as the statutory ten days allowed for perfecting an appeal by filing a bond had not expired when that district was called, this was a good excuse for non-compliance with the requirement to docket the case at that term. But, in the case now before us, the statutory time for perfecting the appeal had expired before the district was called and the transcript on appeal had been docketed as required.

It appears from affidavit filed by appellee, and not denied, that the counsel for appellant was in attendance on this Court during the call of said district, and left before this case was reached, saying his client had not furnished money to print the record, and he could not resist the dismissal of the appeal. The appellant offers no affidavit that he had furnished the money for such purpose, or had taken any steps whatever to have the record printed. No cause to reinstate is shown. It is a case of very gross negligence, at the least, if not of a wilful and intentional disregard of the rules of this Court.

Even had the cause been tried below during a term of this Court, the appellant here would not be entitled to this relief. While such cases are not required to be docketed till the term of this Court which begins next after such judgment is rendered, the law not only favors, but exacts, promptness and diligence in sending up and prosecuting appeals. *The Code*, § 550 (as amended by ch. 161, Acts 1889), requires

appellant to serve his case on appeal in ten days, and the appellee is allowed five days to serve counter-case. The appellant is required "immediately" to request the Judge to settle the case, who shall appoint a time and place, which time shall not be more than twenty days from the receipt of such request. Section 551, requires the Clerk of the Superior Court to send up the transcript to this Court within twenty days after the "case on appeal" has been filed in his office. If, by reason of compliance with these provisions of the statute, "the transcript on appeal, in a case tried during a term of this Court, is docketed at such term before the perusal of the district to which it belongs, it stands for argument, in its regular order, at that term." Rule 5 of the Rules of Court.

Motion denied.