L. C. CALDWELL v. J. W. WILSON.

*Practice—Appeal—Docketing Appeal—Advancing Case for Argument.*

1. Although the Clerk of the Superior Court is allowed twenty days from the filing of the case on appeal in which to send up the transcript, yet he may do so at once without taking the whole twenty days or requiring his fees to be paid in advance, and if he does so the case is regularly constituted in this Court and the appellant cannot complain.

2. Where an action involving title to public office is tried after the beginning of a Term of the Supreme Court and, on appeal from the judgment rendered, by observing the Statutory regulations, has come to such Term of the Supreme Court after the call of the District to which the cause belongs, the Court can, under Rule 13, set the case down for argument, though it is not entitled to be heard as of right.

Motion to advance the cause made by plaintiff.

*Mr. A. C. Avery*, for plaintiff.
*Mr. R. O. Burton*, for defendant (appellant).

*Per Curiam:* This case was tried below since the first
day of the present Term of this Court. If the appeal had
not been docketed here till the call of causes from that
District at the next Term of this Court, it would have been
in time. Rule 5. But the same rule provides that it may
be docketed at this Term and the Court has often held that
if, by complying with the Statutory provisions as to time in
settling cases, the appeal gets here at this Term before the
expiration of the time for docketing cases from that District,
it stands regularly for argument at this term. *Avery* v.
*Pritchard*, 106 N. C., 344, (at bottom of page 346); *Porter* v.
*Railroad*, Ibid, 478; *State* v. *Deyton*, 119 N. C., 880. Here,
by observing the statutory regulations the appeal has gotten
here after that District has been passed and hence is not
entitled to be heard as a right, but being a case affecting the
title to public office it comes within Rule 13, and the Court
may set it down for argument. This was done under simi-
lar circumstances in *Houghtalling* v. *Taylor*, at this Term,
which involved the title to the office of County Commissioner
and was set for hearing some weeks after the call of the Dis-
trict to which it belonged. Like the case before us, it was
tried below after the beginning of the present Term of this
Court. The appellant's case on appeal was accepted by the
appellee on November 22 and filed in the Clerk's office
that day. *The Code*, Section 551, then makes it the duty of
the Clerk to send up the transcript within twenty days (*State*
v. *Deyton*, 119 N. C., 880) though in civil cases he is not
required to do so unless his fees therefor are paid, (*Bailey* v.
*Brown*, 105 N. C., 127; *State* v. *Nash*, 109 N. C., 822); but,
if the Clerk sends it up at once instead of taking the whole

CALDWELL v. WILSON.

twenty days, or does not stand on his right to exact his cost in advance, the appellant cannot complain and the case is regularly here.

The motion of appellant to put the case off the docket has therefore neither merit nor precedent to sustain it, and in view of the importance of the case to the public the appellee's motion is granted and it will stand for argument on Saturday, December 4. If the call of causes from the 10th District has not then been closed, this case will be called on the Monday following.

Motion allowed.