### W. J. BRAFFORD v. JOEL REED.

(Decided April 4, 1899).

*Appeal—When Docketed in Supreme Court.*

An appeal is deemed docketed when the transcript is received by the Clerk of this Court. It then becomes a record of the Court, not subject to the control of parties or their counsel.

*Messrs. Jones & Tillet,* for appellant.
*Mr. H. S. Puryear,* for appellee.

FURCHES, J.   The transcript of appeal in this case was received by the Clerk of this Court on Tuesday morning a short time before ten o'clock, and in time to have been docketed before the call of the Eighth District. When the package containing the transcript was received by the Clerk, the attorney of the appellant was present and said to him: "Give me the case; I don't want it docketed." The Clerk handed him the case and he took it out with him. In a few moments the coun-

sel for the appellee inquired of the Clerk if he had received the transcript in this case, and he told him that he had, and stated to him what had taken place between him and the appellant's counsel. Counsel for the appellee insisted that the case should be docketed, and the Clerk sent to the appellant's counsel for the transcript and put it on his docket. When the docket for the Eighth District was called the matter was brought to the attention of the Court, and the appellee's counsel contended that the case was docketed and moved to dismiss the appeal for the reason that the record had not been printed, while the appellant's counsel contended that it was his appeal and he had a right to control the matter, and did not want it docketed at that time, as he would not have time to have the record printed before the case would be called; that as he had a right to control it and had directed the Clerk not to docket the case, it was not in fact or in law docketed.

As this point had not been directly before the Court, it reserved the question for consideration in conference, where it was held that when a case on appeal comes into the possession of the Clerk it is his duty to docket it at once, and it will be deemed to be docketed from that time; that when the transcript reaches the Clerk it then becomes a record of this Court, and neither the counsel of the appellant nor of the appellee has any control over it. While the question is not directly decided, it is strongly sustained in *Caldwell v. Wilson,* 121 N. C., 423.

The Court having held that the case was docketed, the appellee's motion to dismiss for the reason that the record had not been printed, as required by Rule 30, would have been allowed, but for the fact that the counsel for the appellee failed to comply with Rule 45 by filing his motion in writing. The case will therefore stand continued for such further action as the parties may be advised and as the Court may deem proper.