CLEGG v. SOUTHERN RAILWAY CO.

(Filed April 14, 1903.)

1. APPEAL—*Superior Court—Supreme Court Rule 5.*

   Where an appeal in a cause tried in the superior court during a term of the supreme court is docketed at that term, it stands regularly for argument.

2. NEGLIGENCE—*Evidence—Sufficiency of Evidence—Presumptions—Personal Injuries.*

   In an action to recover damages for personal injuries, there being no evidence tending to show negligence on the part of the railroad company, no presumption of negligence arises upon the simple proof of injuries or death caused by the company, if the injured party is not a passenger.

ACTION by G. W. Clegg against the Southern Railway Company, heard by Judge *Thos. A. McNeill* and a jury, at January Term, 1903, of the Superior Court of IREDELL County.   From a judgment for the plaintiff, the defendant appealed.

*W. G. Lewis, Armfield & Turner,* and *J F. Gamble,* for the plaintiff.

*L. C. Caldwell,* for the defendant.

CLARK, C. J.   This case was tried below since this term began and the defendant asks for a continuance.   Rule 5 of this court permits the appeal to be filed at this term, and it is imperative it shall be filed not later than next term.   Being filed in proper time at this term, it stands regularly for argument.   *Avery v. Pritchard,* 106 N. C., 344; *State v. Deyton,* 119 N. C., 880; *Caldwell v. Wilson,* 121 N. C., 424.

This is an action for negligence in killing the plaintiff's intestate.   The evidence offered to show negligence on the part of the defendant is that plaintiff's intestate was seen going in the direction of defendants track and was later found dead, lying by the side of the track where a dirt road ran parallel with it, but not at a crossing, and with bruises from which it might be reasonably inferred that he had been knocked off the track and killed by defendant's engine.   The track was straight at that point for half a mile, possibly more.   Part of the back of intestate's head was knocked off.   There was no eye witness to the death, whether he was killed by the engine, or if so whether he was on the track or close by it when struck, or whether he was walking or sitting down or lying down on the track.   There was no sign of the intestate having been dragged nor had he been run over by the engine.   The killing was at night.   There was evidence by plaintiff's witnesses that there was no sign of blood on the cross-ties and some evidence to the contrary.

If the deceased was either walking or sitting or lying down on the track this was evidence of contributory negligence.   *Hord v. Railroad,* 129 N. C., 305.   If walking or sitting down, the engineer (nothing else appearing) had a right to presume he would get off before the train struck him, and there would have been no negligence on the part of the defendant, inferrable from the mere fact, without further evidence, that the deceased was killed while on the track, for the engine had the right-of-way.   If deceased had been help-

less, lying down on the track, and the engineer with proper outlook could have seen him in time to avoid killing him and did not do so this would have been negligence rendering the defendant liable notwithstanding the previous contributory negligence of deceased, and that the track was straight for a half a mile or more, was evidence to go to the jury that if he had been lying down the engineer without proper lookout, could have seen him, but there was no evidence tending to show that he was lying down. *McArver v. Railroad,* 129 N. C., 380, and the burden of showing that the deceased was helpless on the track was upon the plaintiff. *Hord v. Railroad,* 129 N. C., 305. The evidence of some blood on the track (though contradicted by plaintiff's other witnesses) was equally consonant with deceased having been struck while walking or sitting down.

In *Powell v. Railroad,* 125 N. C., 373, the deceased was found killed lying by the track, but there was evidence of negligence in that no whistles were blown at three public crossings, all close by, in an incorporated town and the heavy freight train was running 25 to 35 miles an hour, and as further evidence of an insufficient look out it was a bright moonlight night when, according to the evidence, a man could have been seen 200 yards away and the engineer testified that he saw no one though the evidence was uncontradicted that the deceased was knocked off on the right hand side on which the engineer was sitting. That was more than a scintilla of evidence of negligence and the case was properly left to the jury. Here the witnesses can not say that the whistles were not blown at the nearby crossings and the engineer being dead no one testified as to whether he saw deceased or not.

In *Fulp v. Railroad,* 120 N. C., 525 the negligence in evidence was that the man was killed near a crossing and no whistle was blown at the crossing. In *Hord v. R. Co.,* 129 N. C., 305, there was evidence that at two crossings between

which the man was killed and one of them in 50 yards of the spot, the whistle was not sounded.   In *Cox v. Railroad,* 123 N. C., 604, the deceased was run over and crushed by a train running backwards at night without sounding a whistle or ringing a bell.

The facts of this case are very much like *Upton v. Railroad,* 128 N. C., 173, in which this court sustained a non-suit, saying "there is no presumption in this State of negligence against railroad companies upon simple proof of injuries or death caused by their trains"—meaning of course, when the parties killed or injured are not passengers.

The motion for judgment as of non-suit should have been sustained.

Error.