G. T. CARSWELL, RECEIVER, v. C. R. TALLEY ET AL.

(Filed 27 May, 1926.)

1. **Corporations—Fraud—Stockholders—Deeds and Conveyances.**

It is not a fatal misjoinder of both parties and causes for receiver of a corporation to sue husband and wife, the only stockholders, for mismanagement of corporate affairs, fraudulent misappropriation of funds against rights of creditors, and to set aside deed fraudulently made to them in entireties.

2. **Appeal and Error—Docketing Appeals—Hearings—Rules of Court.**

When the case on appeal has been agreed upon by the parties and so appears by entries of record, and at the request of either party the clerk

of the Superior Court has sent it up to the clerk of the Supreme Court and there docketed promptly, as it is the clerk's duty to do, and in time for argument of the call of the district under the rule of Court, though otherwise the case would not then have stood for argument, it being thus docketed takes it from the control of the parties litigant, and the hearing will accordingly be regularly heard as placed.

APPEAL by defendants from *Harding, J.,* at February Term, 1926, of MECKLENBURG.

Civil action by the receiver of the Charlotte Jiffy Company, an insolvent corporation, to recover of the defendants, directors and sole stockholders of said insolvent corporation, damages for the alleged negligent and reckless management of the company's business by the defendants, and to set aside a deed, alleged to have been made by virtue of an order entered in a friendly suit brought by Flora M. Kriminger against D. E. Kriminger for the purpose of having land owned by D. E. Kriminger in his individual right converted into an estate by the entirety by conveying the title to the two as husband and wife, with the intent to hinder, delay and defraud the creditors of the said D. E. Kriminger, etc.

A demurrer was interposed by the defendants on the ground of a misjoinder of both parties and causes of action. From a judgment overruling the demurrer, the defendants appeal.

*Joe W. Ervin and Stewart, McRae & Bobbitt for plaintiff.*
*Wade H. Williams and Preston & Ross for defendants.*

STACY, C. J., after stating the case.: The demurrer was properly overruled, and the judgment must be affirmed on authority of *Chemical Co. v. Floyd,* 158 N. C., 455; *Robinson v. Williams,* 189 N. C., 256, and cases there cited.

The pertinent holding in *Chemical Co. v. Floyd* is stated in the 5th head note as follows: "A complaint is not objectionable for a misjoinder of parties which alleges a joint wrong as to two of the defendants in misapplying and misappropriating the moneys of the plaintiff, and seeks to set aside a deed made by one of them to his wife with the intent of delaying and defrauding his creditors, inclusive of the plaintiff's demand."

The instant case is controlled by the principle announced in the *Floyd* case.

A question of procedure was presented on a preliminary motion by counsel for appellee to have this appeal heard at the present term, which probably merits a word in regard to the rules.

CARSWELL *v.* TALLEY.

The case was heard at the February Term, 1926, Mecklenburg Superior Court, on the demurrer interposed by the defendants to the plaintiff's complaint, which was overruled. Notice of appeal was given in open court, and, by consent, it was ordered that the summons, complaint and demurrer should constitute the case on appeal to the Supreme Court. The case on appeal was prepared by appellants and certified to this Court by the clerk of the Superior Court of Mecklenburg County, at the instance of counsel for appellee, on 31 March, 1926, more than fourteen days before the call of the docket from the Fourteenth District, the district to which the case belongs. Counsel for appellants were cognizant of the fact that the record of the case on appeal had been certified to this Court, and, on 3 April, counsel for appellee notified counsel for appellants that they would move to have the appeal dismissed if briefs were not filed in time for the case to be heard when the docket from the Fourteenth District was called on 20 April, 1926.

Counsel for appellee, instead of moving to dismiss the appeal, as they might have done *(Brafford v. Reed,* 124 N. C., 345), lodged a motion to have the case heard at a subsequent date during the present term of court. This was resisted by counsel for appellants on the ground that as the case was tried below since the beginning of this term, the appeal was not properly before the Court, but would regularly stand for argument at the Fall Term, 1926, and lodged a counter-motion for a continuance until that time. On denial of the motion for a continuance, the case was subsequently submitted under Rule 12 without argument.

Counsel for appellants were in error in thinking that the case was not properly before the Court for hearing at the Spring Term, 1926. *Clegg v. R. R.,* 132 N. C., 292; *Caldwell v. Wilson,* 121 N. C., 423. True, the appeal was not required to be brought to this term, but having been docketed here fourteen days before the call of the district to which it belongs, it was regularly on the calendar for hearing at the present term. Rule 5, Vol. 185, p. 788, as amended, Vol. 189, p. 843; *Trust Co. v. Parks,* 191 N. C., 263; *Avery v. Pritchard,* 106 N. C., 344.

Nor can it make any difference that the record or transcript on appeal was forwarded to this Court at the instance of counsel for appellee. As remarked by *Furches, J.,* in *Brafford v. Reed,* 124 N. C., 345, "when a case on appeal comes into the possession of the clerk, it is his duty to docket it at once, and it will be deemed to be docketed from that time." When the transcript of the case on appeal reaches the clerk, it then becomes a record of this Court, and is no longer subject to the control of the parties or their counsel. *S. v. Farmer,* 188 N. C., 243.

Affirmed.