ETHEL MILLER, Administratrix of M. D. MILLER, v. GHERMAN C. HOLLAND.

(Filed 13 March, 1929.)

**Negligence—Acts or Omissions Constituting Negligence In General.**

No presumption of negligence is raised by the fact alone that an accident has occurred, and it is required that the plaintiff in his action for actionable negligence show by his evidence that the defendant breached some duty owed to the plaintiff's intestate and that such breach was the proximate cause of the injury, and upon failure of the plaintiff to introduce evidence tending to show all of the elements of injury, negligence and proximate cause, a motion as of nonsuit is properly allowed.

APPEAL by plaintiff from *Nunn, J.,* at December Term, 1928, of CARTERET. Affirmed.

*E. H. Gorham for plaintiff.*
*C. R. Wheatley and J. F. Duncan for defendant.*

PER CURIAM. The plaintiff brought suit to recover damages for the death of her intestate, alleged to have been caused by the negligence of the defendant. The controversy was directed chiefly to the allegation that after the intestate, who was riding a bicycle, had crossed the bridge and causeway between Beaufort and Morehead City he was struck by an automobile driven by the defendant, thrown from his bicycle, and instantly killed. The defendant denied this allegation and set up as a defense not only that the defendant was not negligent, but that the intestate negligently ran his bicycle upon the defendant's car and thus brought about his own injury and death. At the close of the evidence, the defendant's motion to dismiss the action as in case of nonsuit was allowed, judgment was given for the defendant, and the plaintiff excepted and appealed.

It has been held that no inference of negligence is to be drawn from the fact of an injury, and that no presumption of negligence is raised merely because an accident has occurred. *Isley v. Bridge Co.,* 141 N. C., 220. To constitute actionable negligence there must be not only a want of due care, but such want of care must involve a breach of some duty owed to the person who is injured in consequence of such breach. Injury, negligence and proximate cause are essential elements. *Whitt v. Rand,* 187 N. C., 805. We have carefully read the record and concur in his Honor's conclusion. Evidence introduced by the plaintiff, the defendant having offered none, is not sufficient to establish a case of actionable negligence. In fact the evidence of negligence on the part of the intestate is no less convincing than that of negligence on the part of defendant. It was insisted by the defense that the intestate in some way unfortunately ran his bicycle against the defendant's automobile and that the collision was the proximate cause of the intestate's injury.

We have examined the plaintiff's exceptions to his Honor's ruling upon the admission and rejection of evidence and find them to be without merit. The questions either involve matters within the province of a jury, or omit essential elements, or include others which should have been omitted. The judgment is

Affirmed.