JANE AUSTIN, ADMINISTRATRIX OF THE ESTATE OF REUBEN AUSTIN, DECEASED, v. SOUTHERN RAILWAY COMPANY, AND DILLY MYERS.

(Filed 12 June, 1929.)

1. **Master and Servant E a—Liability of railroad for injury to employee engaged in interstate commerce is governed by Federal decisions.**

   The liability of a railroad company to its employee for injuries sustained by him while engaged in interstate commerce is governed by the Federal Employer's Liablity Act and the applicable principles of the common law as applied by the Federal Courts.

2. **Master and Servant E b—Plaintiff must show that defendant's violation of Federal statute was proximate cause of injury.**

   *Held*, in order for a recovery under the Federal Employers' Liability Act there must appear under the evidence that the defendant was guilty of some negligence or the violation of a Federal statute which proximately caused the injury in suit.

3. **Same—Evidence of defendant's negligence insufficient to be submitted to jury in this case.**

   Where the evidence tends only to show that the plaintiff's intestate was employed by the defendant as a track inspector, and that he was found one morning, after a severe storm during the night, near the track under circumstances tending to show that he had been struck by one of the defendant's trains, with further evidence that he had been continuously at work for a length of time in excess of that allowed by the Federal Statute, without evidence as to how the injury occurred: *Held*, the evidence raises conflicting inferences in favor of both parties and falls within the field of conjecture, and, the burden being on the plaintiff to establish the negligence of the defendant and the causal connection between it and the injury, defendant's motion as of nonsuit should have been granted.

APPEAL by plaintiff from a judgment of nonsuit rendered by *Sink, Special Judge,* at November Special Term, 1928, of BUNCOMBE. Affirmed.

When the case was called for trial plaintiff took a voluntary nonsuit as to the defendant Myers, and the action was prosecuted only against the Southern Railway Company.

*Geo. M. Pritchard for plaintiff.*
*Thos. S. Rollins for defendant.*

ADAMS, J. The plaintiff's intestate lived with his mother near the depot at Alexander, a station on the defendant's line in Buncombe County. He had been in the regular service of the defendant as a section hand for more than three years, and in its intermittent service for five

or six years. He was about twenty years of age. On Saturday night, 3 December, 1927, the weather was foul: rain, snow, and sleet imperiled the track and the operation of trains. The intestate was engaged as one of the defendant's section crew in the inspection of the roadbed, a part of his service being to walk the track and to look for slides. The limit of his "walk" was about a half-mile from the station. During the night several trains passed, four going west and five going east. The defendant was engaged and the deceased was employed in interstate commerce. At ten o'clock in the night his brother saw him walking the track near the depot. His mother saw him a few minutes after four on Sunday morning. Afterwards two trains passed, one going down, the other up the river. The dead body was found between six and seven o'clock in the morning about twelve feet below the point of the switch, the head about ten inches from the crossties. Blood and a part of the skull were found at the point of the switch and the lanterns he used about five feet outside the iron rail. There was a cut on the right side of the head, and it was afterwards noticed that the right arm and the right knee had been injured.

The plaintiff's right to recover damages is dependent upon the Federal Employers' Liability Act and the applicable principles of the common law as interpreted by the Federal courts. *Southern Ry. Co. v. Gray,* 241 U. S., 333, 60 Law Ed., 1030. This act provides that every common carrier by railroad while engaging in interstate commerce shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. 45 U. S. C. A., 92, sec. 51. Negligence of the carrier, or of its officers, agents, or employees, or defective or insufficient equipment due to its negligence is the basis of its liability. Therefore, before a recovery can be had it must be shown by direct or circumstantial evidence that the carrier was negligent. *Ill. Cent. R. Co. v. Skaggs,* 240 U. S., 66, 60 Law Ed., 528. On this point there is a failure of proof. No one saw the accident. There is no evidence as to the circumstances under which the death occurred—no sufficient evidence as to the intestate's position, no evidence of the defendant's actionable negligence. There is evidence that death was caused by the impact of the train, but this is not enough to make actionable negligence: negligence is not presumed from the mere fact that the intestate was killed. *Lamb v. Boyles,* 192 N. C., 542; *Isley v. Bridge Co.,* 141 N. C., 220; *So. Ry. Co. v. Gray, supra.* In reference to

negligence and proximate cause the evidence leads into the broad field of conjecture or speculation; from it different minds may draw different inferences, all imaginative, none substantial. "When the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict in opposition to it, it may withdraw the case from the consideration of the jury and direct a verdict." *Elliott v. R. R.,* 150 U. S., 245, 37 Law Ed., 1068.

The appellant says that the defendant compelled the deceased to work in violation of the statute limiting the hours of service. It is made unlawful for common carriers by railroad engaged in interstate commerce to require or permit any employee to be or remain on duty for a longer period than sixteen consecutive hours. At the end of this period the employee shall be relieved and not required or permitted again to go on duty until he has had at least ten consecutive hours off duty; and if he has been on duty sixteen hours in the aggregate in any twenty-four hour period he shall not be required or permitted to continue or again go on duty without having had at least eight consecutive hours off duty. 45 U. S. C. A., 546, sec. 61, 554, sec. 62.

There is evidence that the deceased was required to work in breach of this statute. But this requirement did not make the defendant unconditionally liable in damages. A necessary element of liability is some causal relation between the employee's working overtime and the injury he receives. In disapproving the conclusion that the act of a carrier in extending an employee's service beyond the statutory limit was negligence *per se,* to which the death of the deceased was held to be attributable as a matter of law, the Supreme Court of the United States explained the scope and meaning of the statute in *S. Louis I. M. & S. R. Co. v. McWhirter,* 229 U. S., 265, 57 Law Ed., 1179. *Chief Justice White* said: "In giving to the statute the construction above stated, we think error was committed. The hours-of-service act was approved 4 March, 1907, and is entitled, 'An act to promote the safety of employees and travelers upon railroads by limiting the hours of service of employees thereon.' Ch. 2939, 34 Stat. at L., 1415, U. S. Comp. Stat. Supp., 1911, p. 1321. We are unable to discover in the text of the statute any support for the conclusion that it was the purpose of Congress in adopting it to subject carriers to the extreme liability of insurers, which the view taken of the act by the court below imposes. We say this because, although the act carefully provides punishment for a violation of its provisions, nowhere does it intimate that there was a purpose to subject the carrier who allowed its employees to work beyond the statutory time to liability for all accidents happening during such period, without reference to whether the accident was attributable to the act of working overtime. And we think that where no such liability is expressed in the

statute, it cannot be supplied by implication. It requires no reasoning to demonstrate that the general rule is that, where negligence is charged, to justify a recovery it must be shown that the alleged negligence was the proximate cause of the damage."

As the evidence fails to disclose the circumstances of the accident, we find no ground upon which to rest the theory that the intestate's working over the statutory time was the proximate cause of his death.

We are referred by the appellant to *Great Northern Ry. Co. v. Couture,* 14 Quebec K. B., 316, and *Republic Iron & Steel Co. v. Ohler,* 68 N. E. (Ind.), 901, in which it was held that a master may be liable in damages for injury sustained by a servant who has been compelled to work continuously for an undue number of hours; but in these cases the circumstances attending the accident were disclosed and the causal relation between the servant's overwork and the injury was established by the evidence. They are therefore not in point here. The judgment is

Affirmed.