This action was begun and tried in the General County Court of Buncombe County. The plaintiff is the administratrix of her son, James Swainey, who died in the city of Asheville, on 25 October, 1930. This action is to recover damages for his death.
In her complaint plaintiff alleges that the death of her intestate was the result of personal injuries which he suffered on 22 October, 1930, and which were caused by a collision at the intersection of Merrimon Avenue and Maney Avenue in the city of Asheville, between a bicycle on which he was riding, and an automobile which was owned by the defendant, the Great Atlantic and Pacific Tea Company, and driven by the defendant, B. M. Bealer, Jr. She alleges that the collision was caused by the negligence of the defendant, B. M. Bealer, Jr., who was an employee of his codefendant, and that at the time of the collision, the said defendant was engaged in the performance of his duties as such employee, and was acting within the scope of his employment. The specific acts of negligence on the part of the defendant, B. M. Bealer, Jr., alleged in the complaint as the proximate cause of the collision, are as follows:
"(a) The careless, negligent, wrongful and unlawful operation of said Buick automobile by the defendant at a dangerous, reckless and unlawful rate of speed;
(b) The wrongful and unlawful operation of said automobile by the defendant in driving same around the corner of a street intersection without going beyond the center of said intersection as provided by the *Page 273 
laws of this State for the safety of the citizens thereof, and without giving a signal or warning;
(c) The wrongful and unlawful operation of said automobile around the corner of a street intersection at a greater rate of speed than allowed by the laws of this State in such case made and provided, to wit, more than fifteen miles per hour;
(d) The careless and negligent operation of said automobile without keeping a proper look-out for the rights and safety of this plaintiff's intestate, and others who might be using said street or crossing said intersection at the time and place alleged;
(e) In the wrongful and negligent manner in which the defendant cut over on to the left-hand side of Merrimon Avenue and around the left-hand corner of Maney Avenue, at such an excessive rate of speed as to make it entirely impossible for this plaintiff's intestate to avoid the collision, although as this plaintiff is advised, informed and believes, he made every effort so to do."
At the trial of the action there was evidence tending to show that between six-thirty and seven o'clock, p.m., on 22 October, 1930, there was a collision at the intersection of Merrimon Avenue and Maney Avenue, in the city of Asheville, between a bicycle on which plaintiff's intestate was riding, and an automobile owned by the defendant, the Great Atlantic and Pacific Tea Company, and driven by the defendant, B. M. Bealer, Jr., an employee of said company; and that as the result of said collision, plaintiff's intestate suffered personal injuries from which he died on 25 October, 1930.
The only witness who testified that he saw the collision testified that he did not see the automobile or the bicycle before the collision. This witness was at a filling station located on the corner of Merrimon Avenue and Maney Avenue, standing in front of his automobile, and pouring water into its radiator, at some distance from the intersection of said avenues. He heard a big, dull thud. He looked up and saw that some object, which he immediately discovered was a bicycle, had struck the automobile about its windshield. He went at once to the scene of the collision, and there found plaintiff's intestate lying on the street. The boy was unconscious, and was bleeding at the nose and at the mouth. His feet were pointing down Merrimon Avenue, and his head toward Grace Street. The defendant, B. M. Bealer, Jr., had driven the automobile some distance up Maney Avenue. When he was informed of the accident, he returned at once to the scene. The defendant said that he had not realized that there had been a collision between the automobile which he was driving and a bicycle — that he thought he had run over a pan in the street. The boy was taken by the witness and the *Page 274 
defendant to a hospital in the city of Asheville, where he died on 25 October, 1930.
There was no evidence tending to show at what rate of speed either the automobile or the bicycle was being driven before the collision, nor was there any evidence tending to show where the collision occurred with respect to the intersection of Merrimon Avenue and Maney Avenue. Plaintiff offered no evidence tending to show that the defendant, B. M. Bealer, Jr., had turned the automobile from Merrimon Avenue into Maney Avenue before the collision. There was evidence tending to show that the bicycle which approached the intersection of the avenues along Merrimon Avenue, proceeding in a southerly direction, struck the automobile about the windshield. The automobile approached the intersection on Merrimon Avenue, proceeding in a northerly direction. There was no light on the bicycle. The collision occurred between six-thirty and seven o'clock, p.m., on 22 October, 1930.
There was evidence tending to show that plaintiff's intestate at the time of his death was about 16 years of age; that he was employed as a messenger boy by the Postal Telegraph Company and was engaged in the performance of the duties of such employment at the time of the collision. The evidence tending to show that he was a boy of fine character and of great promise was not contradicted at the trial.
At the close of the evidence for the plaintiff, both defendants moved for judgment as of nonsuit. The motion was denied, and defendants excepted. Neither defendant offered evidence.
The issues involving the liability of each defendant were answered in accordance with the contentions of the plaintiff. From judgment that plaintiff recover of the defendants the sum of $25,000, the amount assessed by the jury as her damages, the defendants appealed to the judge of the Superior Court of Buncombe, assigning numerous errors at the trial in the General County Court.
At the hearing of defendants' appeal, their assignments of error were specifically overruled. From judgment affirming the judgment of the General County Court, the defendants appealed to the Supreme Court.
On defendants' appeal from the judgment of the General County Court in this action, there were assignments of error based on fifty-six exceptions duly noted by the defendants at the trial in the General County Court. Each of these assignments of error was duly *Page 275 
considered, and ruled on by the judge of the Superior Court, as shown by the record. Smith v. Texas Co., 200 N.C. 39, 156 S.E. 160. None was sustained. Each was specifically overruled. The judgment of the General County Court was affirmed.
On defendants' appeal from the judgment of the Superior Court, there are twenty-two assignments of error, each based on an exception duly noted by the defendants to the ruling of the judge of the Superior Court on an exception noted by the defendants at the trial in the General County Court. The questions of law involved in this appeal are duly presented to this Court. As we are of opinion, however, that there was error in overruling defendants' exception to the refusal of the judge of the General County Court to allow their motion for judgment as of nonsuit, at the close of the evidence, we have not considered and do not pass on assignments of error based on other exceptions.
There is no presumption of negligence arising out of a collision between a bicycle and an automobile, where the collision occurs on a public road or a street. In the absence of negligence on the part of the rider of the bicycle, or of the driver of the automobile, as the cause of the collision, there is no legal liability on the part of either to the other for damages resulting from the collision. Where the collision was accidental no action for the recovery of damages can be maintained. Austin v. R. R.,197 N.C. 319, 148 S.E. 446.
In the instant case after a careful consideration of the evidence set out in the record, we fail to find any evidence sufficient to sustain the allegations of the complaint. In the absence of such evidence, defendants' motion for judgment as of nonsuit at the close of the evidence should have been allowed. C. S., 567. For error in overruling defendants' assignment of error based on their exception to such refusal, the judgment affirming the judgment of the General County Court must be
Reversed.