W. G. HARRISON, ADMINISTRATOR, v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 14 June, 1933.)

**Railroads D c—Evidence of defendant's negligence and proximate cause held insufficient in this action for wrongful death.**

Evidence that plaintiff's intestate was last seen walking down defendant's railroad track a short time before defendant's train passed, that the train did not give warning of its approach, and that soon there-

after the intestate's bruised and cut body was found near the track at a place where the cinders of the track were scuffed as though a body had been shoved along, *is held* insufficient to resist defendant's motion as of nonsuit, negligence not being presumed from the mere fact of an accident on or near a railroad track, and the evidence failing to show the intestate's condition when he was struck, or that the alleged negligence in failing to sound a warning was the proximate cause of the injury.

APPEAL by plaintiff from *Clement, J.,* at November Term, 1932, of BUNCOMBE.

Civil action for alleged wrongful death.

The deceased was last seen by plaintiff's witness, Louis Lythe, walking down defendant's railroad, 7 October, 1931, about the hour of 11:30 a.m., a quarter of a mile from where his body was found two and a half hours later. There was a path about a foot from the end of the railroad ties customarily used as a walk-way. The path does not commence at the end of the ties; the stone ballast extends out about a foot from the end of the ties, and the path begins where the ballast stops. The witness said: "I don't know whether he was walking between the rails or on the path."

Defendant's freight train No. 5067 passed over this track about 12:05 p.m. The witnesses heard no bell or whistle signal. It was apparently coasting, making very little noise.

The body of the deceased was found in Christian Creek, fifteen feet from defendant's track and near the end of the culvert over which the track passes. It was discovered by two small boys who were walking across the highway bridge nearby. The cinders were torn up at a point near the culvert as though a body had been "scooted" or shoved along. Splotches of blood were found on the culvert. There were bruises on the body of the deceased, on his back and forehead; his head was cut. He had some money in his pockets; also a watch. He was wearing a hat when last seen, but this was not found.

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals.

*Little, Smith, Kitchin & Auten for plaintiff.*
*R. C. Kelly and Jones & Ward for defendants.*

STACY, C. J., after stating the case: Conceding the sufficiency of the evidence to permit the inference that plaintiff's intestate was killed by defendant's passing freight train (*Cox v. R. R.,* 123 N. C., 604, 31 S. E., 848), still the record is barren of any evidence of actionable negligence on the part of the defendant. Negligence is not presumed from the mere fact of an injury. *Austin v. R. R.,* 197 N. C., 319, 148 S. E., 446;

*Miller v. Holland,* 196 N. C., 739, 147 S. E., 8; *Lamb v. Boyles,* 192 N. C., 542, 135 S. E., 464; *Isley v. Bridge Co.,* 141 N. C., 220, 53 S. E., 841.

What was the condition of the deceased when he was struck? Was he in a position of peril when seen by the engineer? or in the apparent possession of his faculties? *Tredwell v. R. R.,* 169 N. C., 694, 86 S. E., 617. What duty did the defendant owe to plaintiff's intestate which it failed to discharge? And was the breach of such duty the proximate cause of his death? *Henry v. R. R.,* 203 N. C., 277, 165 S. E., 698. These are questions which are left in the field of speculation by plaintiff's evidence.

Plaintiff says the failure to give warning of the train's approach was negligence. Even so, but was such negligence the proximate cause of plaintiff's intestate's death? On this point the proof is fatally wanting in sufficiency to establish liability. *Allman v. R. R.,* 203 N. C., 660; *Pharr v. R. R.,* 133 N. C., 610, 45 S. E., 1021; 52 C. J., 730. Negligence is not actionable unless it is the proximate cause of an injury. *Hurt v. Power Co.,* 194 N. C., 696, 140 S. E., 730. Moreover, the evidence tends to show foul play on the part of an assailant, as strongly as it tends to establish death by wrongful act, neglect or default of the defendant. *Davis v. R. R.,* 170 N. C., 582, 87 S. E., 745.

The prevailing rule is, that negligence is not presumed from mere proof of an accident on or near a railroad track. 22 R. C. L., 981. Thus, it was held in *Ward v. So. Pac. Co.,* 25 Ore., 433, 36 Pac., 166, 23 L. R. A., 715 (as stated in the third head-note, which accurately digests the opinion) : "The finding of the body of a child on a railroad track, where it had been struck by a train, raises no presumption of negligence on the part of the company, although the track was straight and clear, where there is nothing to show the circumstances of the accident, or how long the child had been on the track when struck."

In a case practically on all-fours with the present one, *Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827, *Hoke, J.,* reviewed the pertinent authorities in a well-considered opinion, and we are content to rest our decision on the *Davis case* without further elaboration. The cases of *Allman v. R. R., supra; Pharr v. R. R., supra,* and *Clegg v. R. R.,* 132 N. C., 292, 43 S. E., 836, are also directly in point; likewise the case of *Elliott v. Ry.,* 130 So. (Ala.), 775. Compare *Hill v. R. R.,* 169 N. C., 740, 86 S. E., 609. The judgment of nonsuit was properly entered.

Affirmed.