The original complaint alleged that on 15 March, 1926, the defendant, Asheville Building Securities Company, executed and delivered to the Citizens Bank of Norfolk, trustee, a deed of trust upon a certain apartment house in Asheville to secure bonds in the sum of $150,000. The plaintiffs other than A. P. Grice, trustee, are the holders of said bonds in due course, and A. P. Grice is the duly substituted trustee in said deed of trust. It further alleged that in July, 1930, the defendant, O'Brien, purchased $115,000 worth of said bonds and in payment of the purchase price executed and delivered the promissory note of the Asheville Building Securities Company in the sum of $57,500, payable to the Norfolk Bank of Commerce and Trust for the benefit of the bondholders "in proportion to their respective interests in said bonds and pledged as security for said collateral note all of said bonds of the Asheville Building Securities Company purchased by the said Arthur O'Brien as hereinbefore set forth, and the said Arthur O'Brien personally endorsed said promissory collateral note," etc. It was further alleged that the said note for $57,500 was renewed from time to time and that on or about 15 June, 1931, as a cause of extension of payment the said O'Brien agreed with the plaintiff bondholders that he would pay all past due taxes of the Asheville Building Securities Company on the property described in the deed of trust, and that thereafter on 28 January, 1932, said O'Brien notified the plaintiffs that he was sending "his check for $3,352.08 in payment of the taxes for the year 1928," etc. It was further alleged that at the time the said O'Brien was receiving all the rents and profits of all of said Asheville Building Securities Company, and that he falsely and fraudulently procured the board of commissioners of Buncombe County to institute a tax foreclosure sale of the property described in the deed of trust and succeeded in procuring Buncombe County to institute a foreclosure suit against the Asheville Building Securities for the collection of 1928 taxes; that in said proceeding *Page 167 
a commissioner was appointed to sell the land, and at the sale the property was purchased by the board of commissioners of Buncombe County, and thereafter said bid was duly assigned to O'Brien and a deed for the property executed and delivered to O'Brien. It is further alleged that said tax foreclosure proceeding was void in various particulars specified in the complaint. Wherefore, the plaintiffs prayed that the deed from the commissioner to Arthur O'Brien for the property be declared void, and that all the decrees, notice and judgment in the attempted tax foreclosure proceeding be declared void, and that Grice, trustee in the deed of trust, be declared the legal owner of the property.
The defendant, O'Brien, filed an answer admitting certain allegations of the complaint and denying others, and alleged that he was the owner of notes aggregating $55,956.65 secured by a second deed of trust upon the apartment house or property described in the complaint, and further that he held a valid title to said property in his own right by virtue of a deed in a tax foreclosure suit referred to in the complaint.
The cause came on for hearing before Judge McElroy, who ordered a mistrial and granted the plaintiffs time to file an amended complaint and the defendants time to file an amended answer. Pursuant to the order so made the plaintiffs filed an amended complaint setting out the bonds in detail, and also the note for $57,500 heretofore referred to, and asked that the deed of trust to Grice, trustee, be foreclosed, and that the plaintiffs recover from O'Brien the sum of $57,500 after crediting the proceeds of said foreclosure sale, and that whatever taxes should be found to be due upon the property should be paid from the proceeds of said foreclosure sale. Plaintiffs further ask that they recover from O'Brien all past due taxes remaining unpaid.
The defendant, O'Brien, demurred to the amended complaint upon the ground of misjoinder of parties and causes of action. The trial judge overruled the demurrer and the defendant, O'Brien, appealed.
The defendant filed an answer to the original complaint and thereby waived defects appearing upon the face of the complaint. Lanier v. Pullman,180 N.C. 406, 105 S.E. 21; Little v. Little, ante, p. 1. Compressing the rather meandering allegations of the complaint and amended complaint, it appears that the plaintiffs, as owners of indebtedness secured by a deed of trust upon an apartment house, pray for a foreclosure of the deed of trust; and as it is alleged that the property has been fraudulently conveyed by means of void judicial proceedings, *Page 168 
it is further prayed that such proceedings be set aside together with the conveyance by the commissioner appointed in said proceeding, and further, that the proceeds of the sale be applied to the payment of the $57,500 note endorsed by the defendant, O'Brien, after deducting all taxes due upon the property. The main relief sought is the foreclosure of the deed of trust and the cancellation of the tax foreclosure proceeding whereby the defendant, O'Brien, acquired title to the property and to set aside the conveyance made to him. As the complaint and amended complaint are interpreted, the court perceives no fatal misjoinder, certainly in the light of decisions, disclosing a trend of liberality in the construction of complaints as against demurrers. The principles of law involved in the case of England v. Garner, 86 N.C. 366, are strikingly similar to those appearing upon the present record. See, also, Chemical Co. v. Floyd,158 N.C. 455, 74 S.E. 465; Carswell v. Talley, 192 N.C. 37,133 S.E. 181; Bank v. Mosely, 202 N.C. 836, 162 S.E. 923.
Affirmed.