The plaintiff alleged that on or about 3 December, 1930, the defendant, G. E. Robbins, executed and delivered to him certain promissory notes *Page 824 
aggregating $5,000, and that there is an additional sum of $330.00 due on a certain check. It was further alleged that the defendant represented to the plaintiff that he owned in fee simple certain valuable real estate in Davidson County, and that thereafter, before said indebtedness or any part thereof was paid, the defendant Robbins and his wife conveyed the land to the defendant Michael for the purpose of "hindering, delaying and defrauding this plaintiff, and that the said property was sold, transferred and conveyed either totally without consideration or for a grossly inadequate consideration and that the grantee knew when taking the same that it was either for a grossly inadequate consideration or for no consideration," etc.
The plaintiff asked for judgment upon the notes and that the conveyance of the land be set aside.
The defendants demurred to the complaint upon the ground of misjoinder of parties and causes of action for that an action on tort was joined with an action on contract. The trial judge overruled the demurrer and removed the case for trial to Davidson County, and from the judgment so rendered the defendants appealed.
This was an action to recover judgment upon certain promissory notes executed by the defendant Robbins and to set aside a conveyance of land executed by him and his wife to his codefendant. It is alleged that the conveyance constituted a fraud upon creditors.
The judgment overruling the demurrer is supported and warranted by the decisions in Chemical Co. v. Floyd, 158 N.C. 455, 74 S.E. 465, andCarswell v. Talley, 192 N.C. 37, 133 S.E. 181.
Affirmed.