E. Y. DENNY AND WILLIE WILLARD v. O. E. SNOW, GUARDIAN OF LEE HILL, AND LEE HILL AND O. E. SNOW, ADMINISTRATOR OF THE ESTATE OF LEE HILL.

(Filed 26 November, 1930.)

**Evidence N b—Where evidence raises merely conjecture or suspicion it is insufficient to be submitted to the jury.**

In order to recover damages of defendant for the wilful burning of plaintiff's barn and contents, it is required that the evidence raise more than a conjecture or surmise, and that it be more substantial than a mere scintilla.

APPEAL by defendant from *Johnson, Special Judge,* and a jury, at March Term, 1930, of SURRY. Reversed.

This is a civil action brought by plaintiffs against defendant, O. E. Snow, guardian of Lee Hill, who it appears has died and O. E. Snow was duly appointed administrator of his estate. The complaint alleges: "That on or about 10 September, 1929, the defendant, Lee Hill, did maliciously and/or wilfully and/or negligently set fire to and cause to burn and permit to burn said dwelling-house then occupied by the plaintiff, and did, maliciously and/or wilfully and/or negligently thereby wholly destroy the personal property of the plaintiff, consisting of household and kitchen furniture and all personal property and tobacco then and there stored and packed away in said dwelling-house."

The house burned was the property of the plaintiff, E. Y. Denny, and the personal property burned was that of his tenant, Willie Willard. O. E. Snow was duly appointed guardian of Lee Hill, who was duly declared insane. It appears that he is dead and that O. E. Snow was duly appointed his administrator. By consent of the parties, the cases were consolidated. Defendant denied the allegations of the complaint.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the defendant, Lee Hill, set fire to and thereby destroy the property of the plaintiff, as alleged in the complaint? Answer: Yes.

2. If so, what amount is the plaintiff, E. Y. Denny, entitled to recover as damages on account thereof? Answer: $387.50.

3. If so, what amount is the plaintiff, Willie Willard, entitled to recover as damages on account thereof? Answer: $262.50."

*H. O. Woltz and R. A. Freeman for plaintiff.*
*Folger & Folger for defendant.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence, the defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. We think the motions should have been granted.

From a careful review of the evidence, we do not think it is of sufficient probative force to have been submitted to the jury. It raised a suspicion, a conjecture, a guess, a surmise, a speculation, but there must be more than this, more than a scintilla of evidence, to take a case to the jury, and we do not find it on this record.

"A verdict or finding must rest upon facts proved, or at least upon facts of which there is substantial evidence, and cannot rest upon mere surmise, speculation, conjecture, or suspicion. There must be legal evidence of every material fact necessary to support the verdict or finding, and such verdict or finding must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not a mere guess, or on possibilities." 23 C. J., pp. 51-52. *S. v. Johnson, ante,* 429.

We see no reason to set forth the evidence. It was fully discussed and the case ably argued on the hearing. We have gone into the record fully and thoroughly, mindful of the fact that a jury has passed on the evidence, but with the responsibility resting on us we cannot say the evidence, which was wholly circumstantial, was sufficient for the court below to have submitted it to the jury. The judgment below is

Reversed.