W. J. SHUFORD, RECEIVER OF THE Y. & B. CORPORATION, v. B. L. SCRUGGS.

(Filed 25 November, 1931.)

1. **Evidence N b—Mere scintilla of evidence, raising only suspicion or conjecture, is insufficient to be submitted to the jury.**

    A mere scintilla of evidence, raising only a suspicion, conjecture, guess or speculation as to the issue to be proven, is insufficient to take the case to the jury. C. S., 567.

2. **Corporations H c—Evidence of purchase of its stock by corporation when insolvent held insufficient to be submitted to the jury.**

    In an action by the receiver of an insolvent corporation to recover the purchase price of stock alleged to have been sold by the defendant to the corporation when it was insolvent, evidence tending only to show that the defendant sold the stock to the president of the corporation in his individual capacity and accepted the president's personal notes in payment, that the notes were collected by the defendant through a bank, and that the defendant had no knowledge of from what source the money came to make the payments, is *Held:* insufficient to show that the corporation purchased the stock, and the defendant's motion as of nonsuit should have been granted.

3. **Trial D d — Competency, admissibility and sufficiency of evidence is question for the court, the weight and credibility for the jury.**

    The competency, admissibility and sufficiency of the evidence is for the court to determine, the weight, effect and credibility is for the jury.

APPEAL by defendant from *Harding, J.,* and a jury, at February Term, 1931, of MECKLENBURG. Reversed.

This is an action brought by plaintiff against the defendant to recover the sum of $350.00 and interest thereon from May, 1927. The plaintiff contends that the suit was grounded upon allegations that the Y. & B. Corporation was insolvent in 1926 and 1927; that the defendant was a stockholder in 1926, holding 100 shares of its stock (par value of $10.00 a share); that defendant with the knowledge of its insolvency or believing it to be insolvent, went to J. A. Yarborough, its president, treasurer and general manager, desiring and designing to be quit of said stock and get his money back upon it before the corporation might fail in business, and thus advantage himself to the detriment of creditors and other stockholders, and prevailed upon said officer of the corporation to redeem said stock with the money of the corporation, and that in this way he did obtain $350.00 of its funds in violation of the law governing such cases.

This contention of plaintiff was denied by defendant, and he for further answer and defense contended: That the defendant owned $1,000 in stock in the Y. & B. Corporation, and sold same about 26 November, 1926, to J. A. Yarborough, personally, and accepted from Yarborough a note in payment of said stock, $750.00, which note was renewed from time to time, and now $400.00 remains unpaid. That this defendant dealt with J. A. Yarborough and not the Y. & B. Corporation. That J. A. Yarborough bought said stock from this defendant personally, and executed his personal note in payment of said stock. That this defendant made no unlawful attacks upon the Y. & B. Corporation treasury, and has none of its money.

Defendant sold his $1,000 worth of stock for $750.00 to J. A. Yarborough, who gave his note on which two payments of $250.00 and $100.00 were made, for which this action was instituted.

The issues submitted to the jury and their answer thereto were as follows: "Is the defendant indebted to plaintiff, and if so, in what amount? Answer: $350.00 with interest from the date of the checks." (It is agreed by counsel for plaintiff and defendant that date of checks referred to is $250.00, 23 May, 1927; $100.00, 21 July, 1927.)

Defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*E. B. Cline and Preston & Ross for plaintiff.*
*G. T. Carswell and Joe W. Ervin for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence, the defendant made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we think there was error. This action was tried at February

Term, 1931. The case of *Shuford v. Brown*, was handed down 20 May, 1931, *ante*, 17. In that case we set forth the facts and law applicable thereto. The present case is similar, and we see no good reason to go over the matter again.

In the above case we said, at p. 25: "Mere scintilla of evidence, or evidence raising only suspicion, conjecture, guess, surmise or speculation, is insufficient to take the case to the jury."

In *Denny v. Snow*, 199 N. C., at p. 774, the principle is thus stated: " 'A verdict or finding must rest upon facts proved, or at least upon facts of which there is substantial evidence, and cannot rest upon mere surmise, speculation, conjecture, or suspicion. There must be legal evidence of every material fact necessary to support the verdict or finding, and such verdict or finding must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not a mere guess, or on possibilities.' 23 C. J., pp. 51-52. *S. v. Johnson, ante,* 429."

In the present case all the evidence was to the effect that the stock was sold in good faith *by defendant* to J. A. Yarborough personally, who gave his note to defendant for same. The payments on the note were made by Yarborough to the bank, where defendant had the note discounted, and defendant had no knowledge from what source the money came to make the payments.

It is well settled that the competency, admissibility and sufficiency of the evidence is for the court to determine, the weight, effect and credibility is for the jury. The duty imposed on the court is one that should be carefully and jealously guarded so that there should be no judicial despotism.

The learned and able attorney who argued this case, called attention to the fact of the jury finding in this case and the weight that should be given it. In this he is correct. Const., Art. I, sec. 19, is as follows: "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." It may be that the eloquence of the counsel, as it is often said, "swept the jury off of their feet."

Pilate asked "What is truth? and would not stay for an answer." Bacon's Essay on Truth. It is related, and the incident is worthy of preservation, that the great John Wesley was a firm believer in *vox populi, vox Dei,* and one morning at the breakfast table he was quoting and discussing this idea, when his sister turned to him and said: "John, whenever I hear you quote 'the voice of the people is the voice of God', there rings in my ears 'Crucify Him! Crucify Him.' "

Plaintiff's own witness, J. A. Yarborough, on cross-examination by defendant, stated *"My original note was for $750.00, on which I paid $350.00, leaving a balance of $400.00."* And "the Y. &. B. Corporation did not ever redeem any stock for Mr. Scruggs or take up any stock for B. L. Scruggs. In November, 1926, the Y. & B. Corporation was a going and solvent concern." The judgment below is

Reversed.