BERTIE CUMMINGS, Administratrix of HOWARD CUMMINGS, Deceased, v. ATLANTIC COAST LINE RAILROAD COMPANY, INC.

(Filed 2 February, 1940.)

**1. Railroads § 10—**

    No presumption of negligence on the part of a railroad arises from the mere fact that a mangled body of a human being is found on or near the track.

**2. Same—Facts necessary to be shown in order to invoke doctrine of last clear chance.**

When, in an action for wrongful death of a person struck by a train, plaintiff relies upon the doctrine of last clear chance, the burden is on him to show that at the time intestate was struck he was down or in an apparently helpless condition on the track, that the engineer saw, or by the exercise of ordinary care in keeping a proper lookout, could have seen intestate in time to have avoided the accident, and that the engineer failed to exercise such care, which failure proximately resulted in the accident, and each of these essential elements must be shown by legal evidence which raises more than a mere speculation or conjecture in order for plaintiff to be entitled to the submission of the issue.

**3. Same—**

The doctrine of last clear chance does not apply in cases where the trespasser or licensee upon the track of a railroad company is, at the time, in apparent possession of his strength and his faculties, since under such circumstances the engineer is justified in assuming, up to the very moment of impact, that such person will get off the track in time to avoid injury, and therefore the engineer need not stop the train or even slacken its speed.

**4. Same—Evidence held insufficient to support issue of last clear chance.**

Evidence tending to show that defendant was struck and killed by a train on a straight and comparatively unobstructed track without evidence as to intestate's position at the time of impact is insufficient to justify the submission of an issue of last clear chance, since the essential fact of whether intestate was down on the track in an apparently helpless condition is left in speculation and conjecture.

**5. Same: Evidence § 42f—In order for a paragraph in a pleading to contain an admission it must make an admission by an independent statement of fact.**

The evidence tended to show that intestate, while on or near the track, was struck and killed by a train. In its answer the defendant railroad company alleged that if plaintiff was struck or injured by its train, which it denied, that intestate carelessly and negligently lay down or placed himself on the tracks. *Held:* The statement is in the alternative, and further the words "placed himself upon the tracks" do not necessarily infer that he was lying upon the tracks, and therefore the allegation is not an admission that at the time intestate was struck he was lying on the track in a helpless or apparently helpless condition.

**6. Evidence § 42f—**

Whether an allegation in a pleading constitutes an admission is a question of law for the court.

APPEAL by plaintiff from *Burney, J.,* at February Term, 1939, of ROBESON.

Civil action for recovery of damages for alleged wrongful death. C. S., 160.

Plaintiff alleges that the intestate Howard Cummings was killed on the night of 17 August, 1938, when one of the trains of defendant ran

over him and that his death "was caused by the negligence of the defendant in that it operated its train at a terrific and unlawful and negligent rate of speed, in that it did not equip its train with proper lights and proper brakes so that it could stop the train after seeing or, having an opportunity to see plaintiff's intestate, in that the agents of the defendant did not keep an active and proper lookout, and did not cause the train to be stopped after seeing or having an opportunity to see plaintiff's intestate on the track, in that defendant did not blow its whistle or horn or give any warning that it was approaching and in that defendant was negligent of its duty in keeping a proper lookout or in its duties toward mankind that it did not stop after running over and killing plaintiff's intestate."

Defendant denies the material allegations of the complaint, and pleads the contributory negligence of intestate in bar of any right to recover herein.

On the trial below plaintiff offered evidence tending to show that her intestate, Howard Cummings, twenty-seven years old and an able-bodied farmer, lived with his family in a house on the farm of Russell Livermore, situated on the west side of and about forty-five yards from the double railroad track of defendant, and about two and a half miles north of Pembroke in Robeson County, North Carolina; that from said house the track is straight for three miles to the south and for a mile and a half to the north; that for a distance of five hundred yards south, and a mile north the track is level; that trains running north travel on the east track, and those running south on the west track; that the highway from Pembroke to Red Springs runs parallel to and between three hundred and five hundred yards east of the railroad; that a farm road about eight feet wide extends from this highway to and across the railroad at a point near the house in which plaintiff's intestate resided; that in getting from the highway to said house one "would use the plantation road"; that neither the road nor the crossing is public nor "kept up by the county"; and that while there were cotton and corn fields on each side of the track, the right of way was clear for twenty feet on each side thereof.

Evidence for plaintiff further tended to show that: About noon on 17 August, 1938, her intestate left his home walking to the highway to meet a man and to go to Lumberton "to see his tobacco sold"; that he rode to Lumberton on a truck operated by one Brock Jacobs, who drove for Mr. Livermore; that about five o'clock in the afternoon he was seen riding in the truck with Jacobs about three miles from and in the direction of Pembroke, and was later seen in Pembroke; that he did not return to his home, but he was seen that night in Lumberton drinking beer; that about 10:30 o'clock that night when last seen alive, in so far

5—217

as the evidence reveals, he was standing with Brock Jacobs outside of Sally Jane's Cafe in Lumberton "in a drunken, staggering condition"; that between six and seven o'clock the next morning his wife discovered his mangled remains on the east side of the northbound track, a few yards north of the farm road crossing over the railroad near his home, and that since then but before the trial below Brock Jacobs was killed.

Plaintiff's evidence further tends to show that the left hand was entirely cut off; that both legs were almost severed at the ankle; that there was a hole in the back of the head and another in the back; that the body was otherwise bruised; that his hat and the severed hand were found on the crossing, the hand resting, as testified by the wife, between the two tracks and by others between the rails of the east or northbound track; that blood, brains and hair were seen on the crossing on the outside rail of east track; that the body lay a few feet from the track, with feet nearer to track than the head; that the hat and the hand were between the blood and the body; that right off the track north of the crossing and of the body there were some tobacco sheets, that is, sheets intestate used to cover tobacco as it was carried to market; that the sheets were "torn all to pieces" and ground up; that "there was sign of it at the crossing."

Plaintiff further offered in evidence that portion of defendant's answer which read: "that if plaintiff's intestate was struck or injured by a train of this defendant (which is expressly denied), then, at the time plaintiff's intestate was struck he was a trespasser upon the right of way and tracks of defendant; that he carelessly and negligently lay down or placed himself upon the tracks of the defendant with full knowledge of the extreme peril of his position."

There is evidence for plaintiff tending to show that the wife of intestate, who admittedly slept a part of the night, and of others residing along the railroad in the vicinity of the scene of the accident did not hear any whistle blowing or bells ringing during the night.

From judgment as of nonsuit at close of plaintiff's evidence, plaintiff appeals to Supreme Court and assigns error.

*McKinnon, Nance & Seawell for plaintiff, appellant.*
*Thomas W. Davis and McLean & Stacy for defendant, appellee.*

WINBORNE, J. Appellant in challenging judgment below contends that the court erred for that the evidence when taken in the light most favorable to plaintiff is sufficient to justify and to require the submission of the case to the jury under the doctrine of last clear chance. We are unable to agree that the challenge is well taken.

No presumption of negligence on the part of the railroad arises from the mere fact that the mangled body of plaintiff's intestate was found on or near the track. *Upton v. R. R.,* 128 N. C., 173, 38 S. E., 736; *Clegg v. R. R.,* 132 N. C., 292, 43 S. E., 836; *Harrison v. R. R.,* 204 N. C., 718, 169 S. E., 637.

The doctrine of last clear chance does not arise until it appears that the injured party has been guilty of contributory negligence. *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829. When the doctrine is relied upon the burden is on the plaintiff to show by proper evidence:

(1) That at the time the injured party was struck by a train of defendant he was down, or in an apparently helpless condition on the track; (2) that the engineer saw, or, by the exercise of ordinary care in keeping a proper lookout could have seen the injured party in such condition in time to have stopped the train before striking him; and (3) that the engineer failed to exercise such care, as the proximate result of which the injury occurred. *Upton v. R. R., supra; Clegg v. R. R., supra; Henderson v. R. R.,* 159 N. C., 581, 75 S. E., 1092; *Smith v. R. R.,* 162 N. C., 29, 77 S. E., 966; *Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827; *George v. R. R.,* 215 N. C., 773, 3 S. E. (2d), 286.

The doctrine of last clear chance does not apply in cases where the trespasser or licensee upon the track of a railroad, at the time, is in apparent possession of his strength and faculties, the engineer of the train which produces the injury having no information to the contrary. Under such circumstances the engineer is not required to stop the train or to even slacken its speed, for the reason he may assume until the very moment of impact that such person will use his faculties for his own protection and leave the track in time to avoid injury. *Redmon v. R. R., supra; Rimmer v. R. R.,* 208 N. C., 198, 179 S. E., 753; *Pharr v. R. R.,* 133 N. C., 610, 45 S. E., 1021; *Reep v. R. R.,* 210 N. C., 285, 186 S. E., 318; *Lemings v. R. R.,* 211 N. C., 499, 191 S. E., 39; *Sherlin v. R. R.,* 214 N. C., 222, 198 S. E., 640.

There must be legal evidence of every material fact necessary to support the verdict, and such verdict "must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not a mere guess, or on possibilities." 23 C. J., 51; *S. v. Johnson,* 199 N. C., 429, 154 S. E., 730; *Denny v. Snow,* 199 N. C., 773, 155 S. E., 874; *Shuford v. Scruggs,* 201 N. C., 685, 161 S. E., 315; *Allman v. R. R.,* 203 N. C., 660, 166 S. E., 891.

Tested by these principles the evidence offered leaves the instant case in the realm of speculation. While there is no evidence that a train passed the scene of the accident during the night in question, it may be inferred from the evidence as to the physical condition of the body and accompanying signs at the scene that the intestate was struck and killed

by a train. Yet these physical facts present no reasonable theory to the exclusion of many others as to the circumstances under which the accident occurred. In what position was intestate when struck? The evidence is consonant with any of many theories which may be advanced with equal force, but all of which are speculative and rest in mere conjecture. The probabilities arising from a fair consideration of such evidence afford no reasonable certainty on which to ground a verdict upon an issue of last clear chance.

This case is distinguishable from the case of *George v. R. R., supra,* and is not controlled by the decision therein.

It is contended by appellant that, if the evidence otherwise offered by plaintiff be insufficient to take the case to the jury on the question as to whether the intestate was lying on the track in a helpless or apparently helpless condition at the time he was struck, the extract from the answer of defendant, introduced in evidence by her, certainly places intestate on the track in such condition. However, reference thereto reveals words which may not be fairly and properly interpreted as an admission of a fact. Rather the words that he "lay down or placed himself upon the tracks" constitute an alternative expression. The clause, "placed himself upon the tracks," may appropriately apply to any position, lying, sitting or standing upon the tracks. To become an admission the words used in the pleading must form an independent statement of fact. Whether they constitute such statement is a question of law for the court.

The judgment below is

Affirmed.