LUMBER CO. *v.* ELIZABETH CITY and WINSLOW *v.* ELIZABETH CITY.

FOREMAN-BLADES LUMBER CO., A CORPORATION, C. F. BLADES, EMMA
D. BLADES, ESTELLE F., J. V. & L. C. BLADES, CAMILLA F. DAN-
IELS, ANNIE WOODLEY FOREMAN, J. W. FOREMAN, J. W. FORE-
MAN, JR., J. W. FOREMAN, L. R. FOREMAN, W. B. FOREMAN AND
H. C. FOREMAN, TRUSTEES (UNDER THE WILL OF MRS. CLAY FORE-
MAN) FOR MARGARETTE F. LOVE, AND TRUSTEE ALSO FOR GERTRUDE
F. SHEEP, H. C. FOREMAN, L. R. FOREMAN, L. R. FOREMAN, TRUSTEE
(UNDER THE WILL OF MRS. CLAY FOREMAN) FOR L. R. FOREMAN,
JR., C. B. FOREMAN, R. E. FOREMAN, AND J. G. FOREMAN, MARY
C. FOREMAN, W. B. FOREMAN, W. W. FOREMAN, MARGARETTE F.
LOVE, GERTRUDE F. SHEEP AND MARION F. SMITH, NOW OR FOR-
MERLY STOCKHOLDERS IN SAID CORPORATION, AND J. W. FOREMAN, INDI-
VIDUALLY, AND AS ASSIGNEE OF HIS CO-PLAINTIFFS, *v.* CITY OF ELIZA-
BETH CITY, A MUNICIPAL CORPORATION OF THE STATE OF NORTH
CAROLINA,

and

G. H. WINSLOW *v.* CITY OF ELIZABETH CITY, A MUNICIPAL CORPORATION
OF THE STATE OF NORTH CAROLINA.

(Filed 26 March, 1947.)

**1. Trial § 23a—**

There must be legal evidence of every material fact necessary to sup-
port a verdict, and evidence which raises a mere possibility or conjecture
in regard thereto is insufficient to be submitted to the jury.

**2. Fires § 3—Whether fire on defendant's land was origin of forest fire
held speculative upon the evidence, and nonsuit is proper.**

*Plaintiffs' evidence tended to show:* Defendant municipality burned
piles of brush in clearing rights-of-way on its land. The evidence was
conflicting as to whether the fires were completely extinguished when the
workmen quit for the night. Later fires destroyed timber on plaintiffs'
lands. Plaintiffs' witness, who was the first to investigate, testified
there was an intervening space of two hundred yards between the fire
on plaintiffs' lands and the *location* where the brush was burned on
defendant's land, and there was no evidence that the intervening space
was burned over until the conflagration became general. There was
no unusual weather conditions *conducive to* the spread of the fire.
There was evidence that the *locus* was available to the public by a paved
road, and that the public frequented the woods. *Held:* Whether the fire
set out on defendant's land was the *origin* of the fires destroying the
timber on plaintiffs' lands is left in speculation and conjecture upon the
evidence, and defendant's motion to nonsuit should have been allowed.

APPEAL by defendant from *Burgwyn, Special Judge,* at October Term,
1946, of PASQUOTANK.

Both above actions were brought to recover damages for injury to
lands and timber thereon through the alleged negligence of defendant's
servants and agents in starting fires upon the adjoining lands of the
defendant without notice and carelessly leaving them unextinguished so
that fire was communicated to each of the plaintiff's premises, burning

over an extensive area of wooded land with the destruction of timber and damage to the soil. Since the injury to the respective premises was alleged to have been caused by the same fires, and the witnesses were the same, the cases were, by consent, tried together.

The exceptions taken on the trial present a number of subordinate questions which are not discussed in the opinion. That has to do, mainly, with the demurrer to the plaintiffs' evidence and this, in its relation to that question, is summarized.

The defendant City owned a tract of land known as the "Well Field," adjacent to the old Suffolk-Carolina Railroad bed to the north and the Foreman lands to the west and south. The land was low, the soil peaty, and the water level high. The wells sunk here afforded the city's water supply for all purposes. There were a number of wells in the territory and an installation of pumps, pipes, electric power lines, and, in general, equipment for pumping the water into the city for such use as might be necessary.

In this area the city's employees were clearing off "rights-of-way" running north and south, with the northern end up to the aforesaid Suffolk-Carolina road bed, or Jackson road. On one of these rights-of-way, about 30 feet wide, they cleared off grass, reeds and brush and burned some piles at the northern end near the old railroad bed. The debris was described as small piles, making a fire about the size of two tables such as were in the courtroom.

The evidence is contradictory as to whether these fires were completely extinguished when the employees quit work in the evening. Water was hauled and put on them and a trench dug around them, as a matter of precaution; some witnesses said there was some smoke coming up when the workmen left, and there was testimony that an open flame was seen next day. The foreman in charge of the work was used as a witness for the plaintiffs. He stated that the fires were definitely out.

There was much evidence from witnesses who saw fires in the vicinity from a distance, but did not profess to determine the exact location of the fires, until the general area was involved. A witness for the plaintiff, Avery Jones, who was in charge of the work being done on the city property, was notified of a fire as seen by a witness at a distance, and repaired to the scene at once. He testified that at that time there was a distance of 200 yards between the place where the brush piles had been burned and the fire to the west, toward the Foreman land.

There was evidence that the adjacent Jackson road was paved and used by the public generally; and further evidence that the area was frequented by hunters, and that coon, deer and bear were common in the vicinity, and that fires had been started at different times by these hunters. The hunting season, it was said, began later, about the first of October.

LUMBER CO. *v.* ELIZABETH CITY and WINSLOW *v.* ELIZABETH CITY.

There was evidence as to the value of the timber destroyed, both on the Foreman lands and the Winslow lands, and the damage done to the soil in each instance.

At the end of the plaintiffs' evidence, the defendant demurred thereto and moved for judgment as of nonsuit. The motion was overruled. The defendant excepted. The defendant offered no evidence. There was a verdict favorable to the plaintiffs and an award of damages in each case. The defendant, making formal objections and exceptions, appealed from the judgment ensuing, assigning errors.

*J. Henry LeRoy and McMullan & Aydlett for plaintiff, appellees.*
*John H. Hall and Ehringhaus & Ehringhaus for defendant, appellant.*

SCHENCK, J. The appeal poses two questions, the answers to either of which might be determinative: Whether, supposing the injury to plaintiffs' lands to have been proximately caused by the negligence of the defendant's employees, the city is nevertheless immune from liability therefor because its employees were acting in furtherance of its governmental powers; and whether the evidence relating to the origin of the fire raises inferences which should have been submitted to the jury. It is thought that in view of the conclusion we have reached on the latter question, discussion of the former is not an immediate necessity.

It has not been possible to set down at length and in much detail all the evidence relating to the fires as the witnesses saw them, including, of course, the brush fires set by the city employees on the northern end of the city property. But the testimony of these witnesses as to the facts observed by each of them leaves much to be desired in the way of direct evidence, still leaves the origin of the fire dependent upon the circumstances they relate. The question, then, is whether these circumstances point so unequivocally to the brush fires set by defendant's employees as the origin of the fires later seen burning over plaintiffs' property as to raise inference of probative value rather than conjectural or mere speculative possibility.

Many cases in our reports reflect the difficulty of decision often present in cases of this kind, but they also furnish rational and applicable rules for guidance in similar situations. A collection of these may be found in *Moore v. Railroad,* 173 N. C., 311, *et seq.,* 92 S. E., 1; and *Lewis v. Steamship Co.,* 132 N. C., 904, 44 S. E., 666. They all come to the same point: When the evidence is "conjectural or speculative" it should not be submitted to the jury. *Lewis v. Steamship Co., supra,* p. 910. More plainly stated in *Cobb v. Fogalman,* 23 N. C., 440, is the rule: "Although the boundary between a defect of evidence and evidence confessedly slight be not easily drawn in practice, yet it cannot be doubted

that what raises but a possibility or conjecture of a fact can never amount to evidence of it."

Since, as we have stated, the facts testified to by the witnesses are such as to compel resort to the circumstances thus brought into the evidence for a more definite conclusion as to the origin of the fire, we might here turn to some of those basic facts upon which plaintiffs must rest. Of all the witnesses who observed the fires in that area, Avery Jones, whose attention was called to the fire by Grant Morris, was nearest in point of time and distance at the critical stage when the relation of the fire to the west and the brush fires on defendant's lands could be adequately known. He testified that there was at that time a space of 200 yards between the two. We find no evidence that the intervening space was burned over (until the conflagration became general), or that the fire had crept underground in the peaty soil from the brush fires in that short time, or that any unusual atmospheric condition made communication through the air more probable. Accessibility of the premises to the public in the vicinity of the fires observed weakens the attempt to confine its origin to the burning of the brush on the city property as the sole possible cause of the fire. *Moore v. Railroad, supra.*

In *Mitchell v. Melts,* 220 N. C., 793, 799, 18 S. E. (2d), 406, *Justice Winborne,* speaking for the Court, laid down the rule which we think is applicable here:

"There must be legal evidence of every material fact necessary to support a verdict, and the verdict 'must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not a mere guess, or on possibilities.' 23 C. J., 51; *S. v. Johnson,* 199 N. C., 429, 154 S. E., 730; *Denny v. Snow,* 199 N. C., 773, 155 S. E., 874; *Shuford v. Scruggs,* 201 N. C., 685, 161 S. E., 315; *Rountree v. Fountain,* 203 N. C., 381, 166 S. E., 329; *Allman v. R. R.,* 203 N. C., 660, 166 S. E., 891; *Cummings v. R. R.,* 217 N. C., 127, 6 S. E. (2d), 837; *Mercer v. Powell,* 218 N. C., 642, 12 S. E. (2d), 227; *Mills v. Moore,* 219 N. C., 25, 12 S. E. (2d), 661."

Upon these considerations we feel compelled to hold that the court below was in error in declining to sustain the defendant's demurrer to the evidence, and motion for judgment as of nonsuit. The judgment is, therefore, reversed.

*Foreman-Blades Lumber Co. et al. v. City of Elizabeth City,* Reversed.

*G. H. Winslow v. City of Elizabeth City,* Reversed.