MINNIE FLEMING, ADMINISTRATRIX OF THE ESTATE OF JESSIE M. FLEMING, v. JAMES VAUGHN TWIGGS AND ROSETTA KILPATRICK TWIGGS.

(Filed 31 October, 1956.)

**1. Automobiles § 36: Negligence § 17—**

Negligence is not presumed from the mere fact of an accident and injury.

**2. Same—**

In order to establish actionable negligence plaintiff must show a failure to exercise proper care in performance of some legal duty which defendant owed plaintiff under the circumstances and that such negligent breach of duty was the proximate cause of the injury.

**3. Trial § 23a—**

There must be legal evidence of every material fact necessary to support the verdict and evidence which raises a mere guess or speculation is insufficient.

**4. Negligence § 19b(1)—**

If the evidence fails to establish either negligence or proximate cause, nonsuit is proper, and whether there is enough evidence to support a material issue is a matter of law.

**5. Automobiles § 38—**

A witness' testimony that she was sitting in an automobile and did not look back until she heard tires as brakes were applied, that she then saw a car approaching from the rear as it was some seven or nine feet from a pedestrian in the rear of her automobile, and then looked away before the impact, discloses lack of opportunity on her part to form an opinion as to the car's speed, and her testimony as to its speed is without probative force.

**6. Automobiles § 41b—**

Evidence to the effect that defendant's car was being driven on the open highway, without evidence of circumstances requiring a reduction of speed from the statutory maximum, that defendant's car struck a pedestrian attempting to cross the highway from the rear of a stationary car, that the brakes were applied before defendant's car hit the pedestrian, and that tire marks on the highway were 40 to 50 feet in length, with evidence that the car was traveling at a lawful speed shortly before the accident and without evidence of probative force that the car was traveling at an excessive speed at the time of the accident, is insufficient to present the question of excessive speed.

**7. Automobiles § 33—**

A motorist has the right to assume that a pedestrian attempting to cross a highway at a place where there is no road intersection or crosswalk, will yield the right of way to the vehicle and not attempt to cross until such movement can be made in safety.

**8. Automobiles § 41 (1)—**

 Evidence tending to show that an automobile, traveling along a straight and level highway, hit a pedestrian attempting to cross the highway from the rear of a car parked on the motorist's right side of the highway, without evidence that the automobile was traveling at excessive speed and with no evidence to indicate that the motorist was put on notice that the pedestrian would attempt to cross in the path of his oncoming vehicle, or that the motorist could have avoided the injury after ascertaining the pedestrian had exposed himself, is insufficient to overrule defendants' motion for nonsuit.

JOHNSON, J., not sitting.

APPEAL by defendant from *Moore (Dan K.), J.,* June, 1956 Civil Term, MADISON Superior Court.

Civil action for wrongful death alleged to have resulted from the negligence of James Vaughn Twiggs in the operation of an automobile registered in the name of his mother, Rosetta Kilpatrick Twiggs. The defendants denied negligence on the part of James Vaughn Twiggs and alleged contributory negligence on the part of Jessie M. Fleming.

The accident occurred on 19 August, 1955, at about two o'clock p.m., on Highway No. 209 in a rural section of Madison County. The asphalt surface of the highway is 18 feet wide and the highway runs north and south. From the point of the accident it is straight and practically level for almost a mile in either direction. Shortly before the accident the plaintiff's intestate had been a passenger in the Ford sedan owned and operated by his son, Steve Fleming. Also in the Ford were Steve Fleming's wife, Blulah Fleming, and two small boys. Here is the story of the accident as told by Blulah Fleming: "My husband pulled over and stopped the car on the right-hand side of the road, and my father-in-law got out on the right-hand side and went around behind the car, . . . I did not see the Twiggs' car until I heard a noise. When I heard a noise, I looked around and the car was coming sideways on the left-hand side of the road. I did not see the car when it struck my father-in-law. I saw my father-in-law just prior to the time the car struck him. At that time he was crossing over the highway. . . . I saw the car that hit him when it made the noise. . . . At that time it was seven or nine feet back of my car. It was something like the distance of this courtroom behind my car at the time I saw it. I would say it was making around 70 miles per hour in my opinion. . . . He was crossing the highway to the left when I saw him. I would say he was midways of the highway, walking slowly. . . . That was the first time I saw him from the time he got out. . . . The next thing I heard was a noise and saw him flying in the air, I didn't see him hit. . . . When I saw the automobile I turned my head. . . . I didn't want to see it."

There was evidence that the left front light and left front fender of the Twiggs' car were damaged. There was evidence that the Fleming car was parked about half on and half off the hard surface, facing north. The Twiggs' car was going north.

Steve Fleming, for the plaintiff, testified: "I did not see the Twiggs' car before the impact and don't know what his speed was."

Dean Ledford, another plaintiff's witness, testified that he was going south, meeting the Twiggs' car, and he saw it about ¼ mile away and that it was running 45 or 50 miles per hour; that the skid marks extended back about 45 or 50 feet from where the car stopped. Except for the Fleming and Twiggs cars, there was no other traffic on the highway.

Nellie Duckett, also a plaintiff's witness, testified that she was mowing her yard a few feet away and "Uncle Jess Fleming got out of the car, went up the side of the car and behind it, like he was going to cross the highway. . . . The next thing I saw of him he was falling in the ditch on the other side of the road. When I saw his body go into the ditchline, I saw the automobile trying to get stopped."

No other plaintiff's witness saw the accident.

James Vaughn Twiggs testified in substance that he saw the Fleming car parked on the highway and also saw a car approaching (evidently the Ledford car); that he was driving about 40 to 45 miles per hour. "When I first saw him he walked out from behind the car. I pulled over to the left, giving him a little more room, and applied my brakes. I blew my horn and pulled to the left side of the road, and he started running when he saw me, across in front of me. I would say he was 40 feet from my car when he started running."

The jury answered issues of negligence and contributory negligence for the plaintiff and awarded $6,000 damages. From the judgment in accordance with the verdict, the defendant appealed, assigning errors.

*Harkins, Van Winkle, Walton & Buck for defendants, appellants.*
*McLean, Gudger, Elmore & Martin for plaintiff, appellee.*

HIGGINS, J. The defendant made timely motions for judgment of nonsuit and assigned as error the refusal of the court to allow them. The motions raised two questions: First, was the evidence sufficient to go to the jury on the issue of negligence? And, second, if so, did the evidence show that Jessie Fleming was guilty of contributory negligence as a matter of law?

"Negligence is not to be presumed from the mere fact that an accident has occurred." *Merrell v. Kindley,* 244 N.C. 118, 95 S.E. 2d 671. "It is appropriate to say that no inference of negligence arises from the mere fact of an accident or injury." *Adams v. Service Co.,* 237

N.C. 136, 74 S.E. 2d 332. "Negligence is not presumed from the mere fact of injury or that the intestate was killed." *Whitson v. Frances,* 240 N.C. 733, 83 S.E. 2d 879; *Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661; *Ray v. Post,* 224 N.C. 665, 32 S.E. 2d 168; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406; *Pack v. Auman,* 220 N.C. 704, 18 S.E. 2d 247. "In order to establish actionable negligence the plaintiff must show: (1) That there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed to the plaintiff under the circumstances under which they were placed; and (2) that such negligent breach of duty was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under the facts as they existed." *Whitt v. Rand,* 187 N.C. 805, 123 S.E. 84. "There must be legal evidence of every material fact necessary to support the verdict and the verdict must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not a mere guess, or on possibilities." 23 C.J. 51; *Shuford v. Scruggs,* 201 N.C. 685, 161 S.E. 315; *Denny v. Snow,* 199 N.C. 773, 155 S.E. 874. "If the evidence fails to establish either one of the essential elements of actionable negligence, the judgment of nonsuit must be affirmed. Whether there is enough evidence to support a material issue is a matter of law." *Mills v. Moore, supra.*

Measured by the foregoing rules, was there enough evidence, when taken in the light most favorable to the plaintiff, to go to the jury on the issue of negligence? We may eliminate as without probative force the statement of Mrs. Blulah Fleming that Twiggs was traveling 70 miles per hour. The facts and circumstances detailed by her clearly indicate lack of opportunity on her part to form such opinion of speed as would amount to evidence. Mr. Fleming was walking across the road behind the car in which she was sitting. She did not look to the rear until she heard tires as the brakes were applied. She looked back, saw Mr. Fleming in the middle of the road and the car seven or nine feet, or half the length of the courtroom behind the Fleming car. She looked away before the impact. "When a witness has had no reasonable opportunity to judge the speed of an automobile, it is error to permit him to testify in regard thereto." *S. v. Becker,* 241 N.C. 321, 85 S.E. 2d 327, citing Anno. 70 A.L.R. 547; Anno. 94 A.L.R. 1192; *Davidson v. Beacon Hill Taxi Service,* 278 Mass. 540.

The following is a quotation from the *Davidson case:* "The intervening time from when he first saw it (approaching car) until the plaintiff was struck could have been at most only a few seconds. During that time he was running to escape being struck. It is inconceivable that he could have any intelligent opinion as to the speed of the taxicab in

those circumstances. His estimate of speed was too unreliable and untrustworthy to aid the jury upon that question. It was of no value as evidence."

In the *Becker case,* Mrs. Phillips observed the moving car for about 15 feet. Commenting on her evidence as to the speed of the car, *Justice Denny* for this Court said: "In our opinion, under the facts and circumstances disclosed by the evidence of Mrs. Phillips, she had no reasonable opportunity to judge the speed of the defendant's car, and her evidence with respect thereto was without probative value."

Apart from the testimony of Mrs. Fleming, there was no evidence of excessive speed. The road was straight and level. The brakes were applied before the car made contact with plaintiff's intestate. The tire marks on the highway were 40 to 50 feet in length, clearly indicating the car traveled for a shorter distance after contact. Plaintiff's witness Ledford saw the car for several hundred yards. He fixed the speed at 45 to 50 miles per hour. We conclude there was no evidence of speed in the case.

The accident occurred in the open country where, nothing else appearing, the defendant had the right to drive 55 miles per hour. He had the right to pass the Fleming car parked half on and half off the hard surface. He was approaching from the rear and it was therefore necessary for him to pass to the left of the parked vehicle. It was his duty to watch the Fleming car for possible movement into his lane of traffic. The Ledford car was meeting him. It was some distance away. It was his duty to watch it.

There was no road intersection and no crosswalk for pedestrians at the place of the accident. Twiggs had the right to assume and to act on the assumption that any pedestrian on the highway would recognize that the driver of the automobile had the right of way and would not attempt to cross until such movement could be made in safety. There was nothing in the evidence to indicate that the defendant was put on notice that Mr. Fleming would attempt the crossing. Likewise, there is nothing in the evidence to indicate the defendant in the exercise of due care could have avoided the injury after ascertaining the deceased had exposed himself.

We conclude the evidence was insufficient to support an issue of negligence. This conclusion makes unnecessary any discussion of contributory negligence. The Superior Court of Madison County should have allowed the motion for nonsuit, and its failure to do so makes it necessary that the judgment be, and the same is

Reversed.

JOHNSON, J., not sitting.