***********
The undersigned reviewed the prior Order, based upon the record of the proceedings before Deputy Commissioner Rideout. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Rideout.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On January 31, 2004, Plaintiff, an inmate in NCDOC custody, arrived in his wheelchair to the unit manager office at the Eastern Correctional Institution. At that time, he asked Correctional Officer Flanagan to provide him with a screwdriver to tighten the loose screws on the wheelchair. *Page 2 
2. Instead of handing a screwdriver to Plaintiff, Officer Flanagan requested an inmate working as a lighter crew worker to tighten screws on Plaintiff's wheelchair. The crew worker was unable to fix the chair at that time as it appeared that the screws were stripped. He informed Plaintiff that his chair may not last much longer. Plaintiff then left the manager's unit on his wheelchair to return to his cell.
3. Plaintiff did not request a replacement of his wheelchair, nor did he inform Officer Flanagan about the crew worker's warning about the possibility of the chair collapsing.
4. Plaintiff had a walker and a cane in his cell on the day of the incident in question.
5. Less than ten minutes after plaintiff's return to his cell, the wheelchair collapsed while he was using it for transportation to and from the bathroom. Plaintiff fell to the floor and was helped by other inmates to get up.
6. Plaintiff sent one of the inmates to inform medical department about the incident with Plaintiff's wheelchair. Plaintiff did not voice any complaints of pain or physical injury at that time. Consequently, medical department confiscated the wheelchair.
7. When Officer Flanagan went to the Plaintiff's cell, Plaintiff stated the wheelchair was taken by the medical department. Plaintiff did not complain to her about pain or any injuries he suffered.
8. In connection with this incident, Plaintiff was charged with disciplinary offense and found guilty by NCDOC for failure to obey Officer Flanagan's instructions.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 3 
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must also show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. See N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Negligence cannot be presumed or inferred from mere occurrence of injury or accident. Fleming v. Twiggs, 244 N.C. 666 (1956); Sabol v.Parrish Realty of Zebulon, Inc., 77 N.C. App. 680 (1985).
4. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. Rex Hospital, 326 N.C. 701,392 S.E.2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove his case by a preponderance of the evidence.
5. While evidence adduced at the hearing demonstrated that Plaintiff's wheelchair broke, Plaintiff has failed to meet his burden of proof as to any State employee's breach of duty of reasonable care owed to him. At the most, Plaintiff was able to establish a mere occurrence of an accident. *Page 4 
6. Plaintiff did not prove by greater weight of evidence that he sustained any damages or that he incurred any compensable expenses as a direct and proximate cause of any State employee's conduct on January 31, 2004.
7. There is no evidence that the Plaintiff either damaged or intentionally sabotaged his wheelchair. Accordingly, Defendant failed to meet its burden of proof on the asserted affirmative defense of contributory negligence on the part of Plaintiff nor that Plaintiff intentionally damaged his wheelchair.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff failed to meet his burden of proof in this case and the claim is therefore DENIED.
2. Each party shall bear its own costs.
This the 2nd day of August 2007.
S/ ______________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
S/ ______________________ DANNY L. McDONALD COMMISSIONER
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER